IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUSAN B. HOANG and DANIEL X. HOANG,<br><br>Plaintiffs,<br>v.<br><br>JPMORGAN CHASE BANK N.A. et al.,<br><br>Defendants. | CASE NO. 5:11-CV-06364-EJD<br><br>**ORDER GRANTING JPMORGAN'S MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>[Re: Docket Item No. 5] |

Susan and Daniel Hoang filed a complaint on December 15, 2011, seeking injunctive and other relief against Defendant JPMorgan Chase Bank N.A. ("Chase") for alleged violations connected with the pending nonjudicial foreclosure of Plaintiffs' home. Chase moves to dismiss the complaint for lack of subject matter jurisdiction. Pursuant to Civil L.R. 7-1(b), the court takes Chase's motion under submission without oral argument.

A plaintiff must allege grounds for federal subject matter jurisdiction on the face of their complaint. See Fed. R. Civ. P. 8(a); Thornhill Publishing Co. v. General Tel. & Elecs., 594 F.2d 730 (9th Cir. 1979). Federal subject matter jurisdiction can be established by a claim arising out of federal law, see 28 U.S.C. § 1331, or by the existence of the criteria for diversity jurisdiction. See 28 U.S.C. § 1332.

The complaint only pleads federal question jurisdiction based on 28 U.S.C. § 1331. Compl. ¶ 17. However, none of the causes of action arise under federal law. Plaintiffs acknowledge this

1

CASE NO. 5:11-CV-06364-EJD
ORDER GRANTING MOTION TO DISMISS

failing in the complaint itself, ¶¶ 13–15, and in their brief on the motion to dismiss. Opp. Mot. Dismiss 2:17–19, ECF No. 9.

Plaintiffs argue that the court nevertheless has jurisdiction over the case because the requirements of diversity jurisdiction are met. But the complaint meets neither requirement of diversity jurisdiction. First, the complaint contains no allegation of Chase's citizenship; it only mentions the location of the corporate headquarters of Chase's parent company. Compl. ¶ 16. Second, the complaint does not establish any amount in controversy. The complaint references exhibits that might help establish the amount, but no exhibits are attached. See Compl. ¶ 8 (that is, the second paragraph 8; on page 9, the numbering jumps backward from 24 to 8.)

The court also notes (without deciding) that the complaint raises claims which may not state causes of action (i.e., a civil claim for "perjury".)

Accordingly, the court hereby GRANTS Chase's motion to dismiss the complaint. Plaintiffs shall file an amended complaint on or before July 27, 2012 or face dismissal of the action.

**IT IS SO ORDERED.**

Dated:  July 6, 2012

EDWARD J. DAVILA
United States District Judge