1

2

3

4

5

6

7      IN THE UNITED STATES DISTRICT COURT

8      FOR THE NORTHERN DISTRICT OF CALIFORNIA

9      SAN JOSE DIVISION

10   SUSAN B. HOANG, et. al.,                    CASE NO. 5:11-cv-06364 EJD

11                                               **ORDER GRANTING DEFENDANT'S**
                                                 **MOTION TO DISMISS; DISMISSING**
12            Plaintiff(s),                      **CASE**
        v.
13   JPMORGAN CHASE BANK, et. al.,

14                                               [Docket Item No(s). 25]
              Defendant(s).
15   _____/

16                      **I.    INTRODUCTION**

17          In October, 2005, Plaintiffs Susan B. Hoang and Daniel X. Hoang ("Plaintiffs) purchased

18   residential property in San Jose, California, with a loan from Washington Mutual Bank.  See First

19   Amended Compl. ("FAC"), Docket Item No. 19, at ¶ 9; Ex. A.  The property was eventually subject

20   to a foreclosure sale in July, 2011, and sold to Defendant Dreamsky Investments, LLC

21   ("Dreamsky").  Id. at ¶ 15; Ex. E.

22          On December 15, 2011, Plaintiffs initiated the present action in this court as a challenge to

23   the foreclosure.  See Docket Item No. 1.  Defendant JPMorgan Chase Bank ("Chase") moved to

24   dismiss the original complaint, and the court granted the motion for lack of subject matter

25   jurisdiction with leave to amend.  See Docket Item Nos. 5, 16.  Plaintiff then filed the FAC on July

26   23, 2012.

27          Presently before the court is Chase's motion to dismiss the FAC.  See Docket Item No. 25.

28   Plaintiffs have filed written opposition to the motion.  See Docket Item No. 29.  Having carefully

1

**United States District Court**
For the Northern District of California

1    reviewed the relevant documents, the court finds this matter suitable for decision without oral

2    argument pursuant to Civil Local Rule 7-1(b).  Accordingly, the hearing scheduled for November 9,

3    2012, will be vacated.  For the reasons stated below, the court finds this case must be dismissed for

4    lack of subject matter jurisdiction.  Accordingly, the motion to dismiss will be granted.

5                                      **II.    DISCUSSION**

6            Chase argues that Plaintiffs have not established a basis for federal jurisdiction in the FAC.

7    The court agrees.

8            "Federal courts are courts of limited jurisdiction."  <u>Kokkonen v. Guardian Life Ins. Co of

9    America</u>, 511 U.S. 375, 377 (1994).  Federal jurisdiction can generally arise in two ways: (1) from

10   the presence of a federal question, or (2) from diversity of the parties.  <u>See</u> 28 U.S.C. §§ 1331

11   (federal question), 1332 (diversity).  For jurisdiction based on a federal question, the court looks to

12   the face of a "well-pleaded complaint" to determine whether a cause of action is created by federal

13   law or whether the plaintiff's right to relief necessarily depends on the resolution of a substantial

14   question of federal law.  <u>Christianson v. Colt Indus. Operating Corp.</u>, 486 U.S. 800, 808 (1988)

15   (citing <u>Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 27-28,

16   (1983)).  For diversity, federal courts have original jurisdiction where (1) opposing parties are

17   citizens of different states and (2) the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).

18   "[A] party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual

19   citizenship of the relevant parties" in order to confirm that *all parties* are diverse.  <u>Kanter v. Warner-

20   Lambert Co.</u>, 265 F.3d 853, 857 (9th Cir. 2001).

21           "A party invoking the federal court's jurisdiction has the burden of proving the actual

22   existence of subject matter jurisdiction."  <u>Thompson v. McCombe</u>, 99 F.3d 352, 353 (9th Cir. 1996).

23   Whether subject matter jurisdiction exists is a threshold question that must be addressed before

24   reaching the merits of an action.  <u>See</u> <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 94-95

25   (1998).

26           Looking at the FAC, Plaintiffs allege only that federal jurisdiction arises pursuant to 28

27   U.S.C. §§ 1331 and 1337.  But despite their invocation of the general federal question statute and the

28   slightly more specific statute conferring federal jurisdiction over "any civil action or proceeding

**United States District Court**
For the Northern District of California

                                              2

arising under any Act of Congress regulating commerce or protecting trade," the FAC does not contain a cause of action which arises under federal law.  Indeed, there are only two causes of action, one for wrongful foreclosure and one for slander of title, both of which are based in state law. Thus, as before, Plaintiffs have not cited a viable basis for federal jurisdiction.

In their opposition to this motion, Plaintiffs, who are presumably both California residents, contend that diversity jurisdiction exists so long as Dreamsky, a California corporation, is dismissed from this action.  See FAC, at ¶ 12.  In that regard, Plaintiffs stated they would "render this [jurisdictional] question moot by dismissing Dreamsky."  However, they have not done so. Moreover, the FAC is silent as to the amount in controversy.  Accordingly, complete diversity does not exist and jurisdiction does not arise under § 1332 based on the pleadings in their presently amended form.

Since the FAC does not demonstrate the existence of either federal question or diversity jurisdiction, the court must dismiss this case.  See Ex Parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").  Under the circumstances, the court is not inclined to allow Plaintiffs a third opportunity to amend this action in order to correct the same jurisdictional deficiency.  In any event, the dismissal will be without prejudice so that Plaintiffs may raise their claims in the appropriate forum.  Freeman v. Oakland Unified Sch. Dist., 179 F.3d 846, 847 (9th Cir. 1999) ("Dismissals for lack of jurisdiction should be . . . without prejudice so that a plaintiff may reassert his claims in a competent court." (internal quotations omitted)).

### III.   ORDER

Based on the foregoing, this action is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

//

//

//

//

3

United States District Court
For the Northern District of California

The hearing and Case Management Conference scheduled for November 9, 2012, are VACATED.  Since this order effectively resolves the case, the Clerk shall close this file.

**IT IS SO ORDERED.**

Dated:  November 2, 2012

_____
EDWARD J. DAVILA
United States District Judge

Case No. 5:11-cv-06364 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DISMISSING CASE

United States District Court
For the Northern District of California