United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SUSAN B. HOANG, et. al.,

Plaintiff(s),

v.

JPMORGAN CHASE BANK, et. al.,

Defendant(s).
_____/

CASE NO. 5:11-cv-06364 EJD

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DISMISSING CASE**

[Docket Item No(s). 25]

## I.  INTRODUCTION

In October, 2005, Plaintiffs Susan B. Hoang and Daniel X. Hoang ("Plaintiffs) purchased residential property in San Jose, California, with a loan from Washington Mutual Bank.  See First Amended Compl. ("FAC"), Docket Item No. 19, at ¶ 9; Ex. A.  The property was eventually subject to a foreclosure sale in July, 2011, and sold to Defendant Dreamsky Investments, LLC ("Dreamsky").  Id. at ¶ 15; Ex. E.

On December 15, 2011, Plaintiffs initiated the present action in this court as a challenge to the foreclosure.  See Docket Item No. 1.  Defendant JPMorgan Chase Bank ("Chase") moved to dismiss the original complaint, and the court granted the motion for lack of subject matter jurisdiction with leave to amend.  See Docket Item Nos. 5, 16.  Plaintiff then filed the FAC on July 23, 2012.

Presently before the court is Chase's motion to dismiss the FAC.  See Docket Item No. 25. Plaintiffs have filed written opposition to the motion.  See Docket Item No. 29.  Having carefully

reviewed the relevant documents, the court finds this matter suitable for decision without oral

argument pursuant to Civil Local Rule 7-1(b).  Accordingly, the hearing scheduled for November 9,

2012, will be vacated.  For the reasons stated below, the court finds this case must be dismissed for

lack of subject matter jurisdiction.  Accordingly, the motion to dismiss will be granted.

## II.   DISCUSSION

Chase argues that Plaintiffs have not established a basis for federal jurisdiction in the FAC.

The court agrees.

"Federal courts are courts of limited jurisdiction."  Kokkonen v. Guardian Life Ins. Co of

America, 511 U.S. 375, 377 (1994).  Federal jurisdiction can generally arise in two ways: (1) from

the presence of a federal question, or (2) from diversity of the parties.  See 28 U.S.C. §§ 1331

(federal question), 1332 (diversity).  For jurisdiction based on a federal question, the court looks to

the face of a "well-pleaded complaint" to determine whether a cause of action is created by federal

law or whether the plaintiff's right to relief necessarily depends on the resolution of a substantial

question of federal law.  Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988)

(citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28,

(1983)).  For diversity, federal courts have original jurisdiction where (1) opposing parties are

citizens of different states and (2) the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).

"[A] party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual

citizenship of the relevant parties" in order to confirm that *all parties* are diverse.  Kanter v. Warner-

Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).

"A party invoking the federal court's jurisdiction has the burden of proving the actual

existence of subject matter jurisdiction."  Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

Whether subject matter jurisdiction exists is a threshold question that must be addressed before

reaching the merits of an action.  See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95

(1998).

Looking at the FAC, Plaintiffs allege only that federal jurisdiction arises pursuant to 28

U.S.C. §§ 1331 and 1337.  But despite their invocation of the general federal question statute and the

slightly more specific statute conferring federal jurisdiction over "any civil action or proceeding

United States District Court
For the Northern District of California

2

arising under any Act of Congress regulating commerce or protecting trade," the FAC does not

contain a cause of action which arises under federal law.  Indeed, there are only two causes of

action, one for wrongful foreclosure and one for slander of title, both of which are based in state law.

Thus, as before, Plaintiffs have not cited a viable basis for federal jurisdiction.

In their opposition to this motion, Plaintiffs, who are presumably both California residents,

contend that diversity jurisdiction exists so long as Dreamsky, a California corporation, is dismissed

from this action.  See FAC, at ¶ 12.  In that regard, Plaintiffs stated they would "render this

[jurisdictional] question moot by dismissing Dreamsky."  However, they have not done so.

Moreover, the FAC is silent as to the amount in controversy.  Accordingly, complete diversity does

not exist and jurisdiction does not arise under § 1332 based on the pleadings in their presently

amended form.

Since the FAC does not demonstrate the existence of either federal question or diversity

jurisdiction, the court must dismiss this case.  See Ex Parte McCardle, 74 U.S. (7 Wall.) 506, 514

(1868) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to

declare the law, and when it ceases to exist, the only function remaining to the court is that of

announcing the fact and dismissing the cause.").  Under the circumstances, the court is not inclined

to allow Plaintiffs a third opportunity to amend this action in order to correct the same jurisdictional

deficiency.  In any event, the dismissal will be without prejudice so that Plaintiffs may raise their

claims in the appropriate forum.  Freeman v. Oakland Unified Sch. Dist., 179 F.3d 846, 847 (9th Cir.

1999) ("Dismissals for lack of jurisdiction should be . . . without prejudice so that a plaintiff may

reassert his claims in a competent court." (internal quotations omitted)).

### III.   ORDER

Based on the foregoing, this action is DISMISSED WITHOUT PREJUDICE for lack of

subject matter jurisdiction.

//

//

//

//

Case No. 5:11-cv-06364 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DISMISSING CASE

United States District Court

For the Northern District of California

1    The hearing and Case Management Conference scheduled for November 9, 2012, are

2   VACATED.  Since this order effectively resolves the case, the Clerk shall close this file.

3   **IT IS SO ORDERED.**

4

5   Dated:  November 2, 2012

6                                                              EDWARD J. DAVILA
                                                               United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 5:11-cv-06364 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DISMISSING CASE

**United States District Court**
For the Northern District of California